Sivatharan NATKUNANATHAN,
Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent.

No. 15-73334

United States Court of Appeals,
Ninth Circuit.

Submitted April 11, 2017 *

Filed April 25, 2017

Sivatharan Natkunanathan, Pro Se

Regina S. Moriarty, Attorney, Bruce R. Ellisen, DOJ—U.S. Department of Justice, Tax Division/Appellate Section, Washington, DC, William J. Wilkins, Chief Counsel, Internal Revenue Service, Washington, DC, for Respondent

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

MEMORANDUM **

Sivatharan Natkunanathan appeals pro se from the Tax Court's summary judgment allowing the Commissioner of Internal Revenue ("Commissioner") to proceed with its collection action on Natkunanathan's outstanding federal tax liability for 2003. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo. *Johnston v. Comm'r*, 461 F.3d 1162, 1164 (9th Cir. 2006). We affirm.

The Tax Court properly granted summary judgment because the settlement of-

ficer did not abuse her discretion in sustaining the proposed levy action for tax year 2003. *See* 26 U.S.C. § 6330(c)(3) (setting forth matters an appeals officer must consider in making a determination to sustain a proposed levy action); 26 U.S.C. § 6330(c)(2)(B) (permitting challenge to the underlying tax liability if the taxpayer did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability).

Contrary to Natkunanathan's contentions, the Tax Court properly granted the Commissioner's motion to permit a levy. *See* 26 U.S.C. § 6330(e)(2) (suspension of the levy shall not apply if the underlying tax liability is not at issue in the appeal and the Tax Court determines that the Commissioner has shown good cause not to suspend the levy).

We reject as without merit Natkunanathan's contentions concerning any pending appeals before the Supreme Court.

Natkunanathan's motion (Docket Entry No. 56) is denied.

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.